T.C. Memo. 2001-284


UNITED STATES TAX COURT


YEAGLE DRYWALL COMPANY, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3908-00.                    Filed October 15, 2001.


<u>Joseph H. O'Donnell, Jr.</u>, for petitioner.

<u>Linda P. Azmon</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  This case is before the Court on a petition
for redetermination of a Notice of Determination Concerning Worker
Classification Under Section 7436 (Notice of Determination).  It
was submitted to the Court fully stipulated under Rule 122.  The

sole issue to be decided is whether John G. Yeagle (Mr. Yeagle) is an employee of petitioner for the period at issue (each of the four quarters of 1995, 1996, and 1997) for purposes of Federal employment taxes.[1]

Rule references are to the Tax Court Rules of Practice and Procedure, and except as otherwise noted, section references are to the Internal Revenue Code in effect for the years at issue.

## Background

The stipulation of facts and the attached exhibits are incorporated herein. The stipulated facts are hereby found.

Petitioner is an S corporation that was incorporated in Pennsylvania on October 2, 1989. At the time the petition was filed, petitioner's principal place of business was in Quakertown, Pennsylvania. Petitioner operates a drywall construction business that is the sole source of petitioner's income. Mr. Yeagle owns 99 percent of petitioner's stock. Mr. Yeagle's wife, Terree Yeagle (Mrs. Yeagle), owns the remaining 1 percent. Since petitioner's incorporation, Mr. Yeagle has been its president, and Mrs. Yeagle has been its vice president and secretary.

Mr. Yeagle performs many services for petitioner, including soliciting business, ordering supplies, entering into oral and

---

[1] For convenience, we use the term "Federal employment tax" to refer to taxes under secs. 3101-3125 (enacted as Federal Insurance Contributions Act (FICA), ch. 9, 53 Stat. 175 (1939)) and secs. 3301-3311 (enacted as Federal Unemployment Tax Act (FUTA), ch. 9, 53 Stat. 183 (1939)).

written agreements, overseeing finances, collecting money owed to petitioner, hiring and firing independent contractors, obtaining clients, maintaining client relationships, and generally managing petitioner's business affairs.

During the period at issue, all payments made to petitioner were deposited into petitioner's checking account. Mr. Yeagle is the only person with signature authority on petitioner's bank account. Petitioner did not make regular payments to Mr. Yeagle; Mr. Yeagle withdrew money from petitioner's bank account at his discretion. Mr. Yeagle also paid personal expenses from petitioner's bank account at his discretion. Mr. Yeagle did not receive any wages, salary, or tips from any other business entity, or income from any other S corporation during 1995, 1996, and 1997.

During the period at issue, petitioner did not treat any individual, including Mr. Yeagle, as an employee, and it did not file a Form 941, Employer's Quarterly Federal Tax Return, or a Form 940, Employer's Annual Federal Unemployment Tax Return, for any quarter during the period at issue. Petitioner treated individuals who performed services for it, other than Mr. Yeagle, as independent contractors and issued Forms 1099-MISC, Miscellaneous Income, to those individuals. Petitioner did not issue a Form 1099-MISC or a Form W-2, Wage and Tax Statement, to Mr. Yeagle for 1995, 1996, or 1997.

On Forms 1120S, U.S. Income Tax Return for an S Corporation, petitioner reported net income from its trade or business for 1995, 1996, and 1997, in the respective amounts of $26,711.08, $32,973.39, and $34,508.90. Petitioner paid these amounts to Mr. Yeagle and reported these amounts as the Yeagles' share of its income on Schedules K-1, Shareholders' Shares of Income, Credits, Deductions, etc., of the Forms 1120S.[2]

During 1995, 1996, and 1997, petitioner distributed all of its net income to the Yeagles. Petitioner reported on Schedules M-2, Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed, of the Forms 1120S that the amounts it paid to the Yeagles were distributions other than dividend distributions paid from accumulated earnings and profits.

The Yeagles timely filed Forms 1040, U.S. Individual Income Tax Returns for 1995, 1996, and 1997. On Schedules E, Supplemental Income and Loss, of the Yeagles' Forms 1040, they reported their share of petitioner's income (as indicated on Schedules K-1) as nonpassive income from an S corporation.

On February 23, 2000, respondent issued to petitioner a Notice of Determination, in which respondent determined that (1) Mr. Yeagle was petitioner's employee for purposes of Federal employment

---

[2] Petitioner did not allocate the income between Mr. and Mrs. Yeagle.

taxes, and (2) petitioner was not entitled to "safe harbor" relief from these taxes as provided by section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885 (Section 530).  Attached to the Notice of Determination was a schedule detailing the amount of the proposed Federal employment taxes.  Thereafter, petitioner filed with the Court a timely petition seeking our review of respondent's Notice of Determination.

## Discussion

Petitioner contends that Mr. Yeagle was not its employee and that it properly distributed its net income to the Yeagles, as its only shareholders, pursuant to section 1366.  On the other hand, respondent contends that Mr. Yeagle was an employee of petitioner because he was an officer of petitioner and performed substantial services on petitioner's behalf.

Sections 3111 and 3301 impose FICA (social security) and FUTA (unemployment) taxes on employers for wages paid to their employees.  An officer of a corporation, "who performs substantial services for a corporation and who receives remuneration in any form for those services is considered an employee, whose wages are subject to Federal employment taxes."  Veterinary Surgical Consultants, P.C. v. Commissioner, 117 T.C. ___, ___ (2001) (slip op. at 7); see also sec. 3121(d); sec. 31.3121(d)-(1)(b), Employment Tax Regs.

With respect to the case at hand, Mr. Yeagle is an officer of petitioner who performed substantial services for petitioner, including soliciting business, ordering supplies, entering into oral and written agreements, overseeing finances, collecting money owed to petitioner, hiring and firing independent contractors, obtaining clients, maintaining client relationships, and generally managing petitioner's business affairs. Petitioner distributed all of its net income to the Yeagles. Those distributions were compensation for the services provided to petitioner by Mr. Yeagle.

Petitioner contends that the amounts paid to Mr. Yeagle were distributions of its corporate net income, rather than wages, and that Mr. Yeagle properly reported the net income as nonpassive income from an S corporation on his Forms 1040. Mr. Yeagle's reporting the distributions as nonpassive income from an S corporation has no bearing on the Federal employment tax treatment of those wages. Veterinary Surgical Consultants, P.C. v. Commissioner, supra at ___ (slip op. at 8). We hold that Mr. Yeagle is an employee of petitioner for the period at issue and, as such, the payments to him from petitioner constitute wages subject to Federal employment taxes.

Despite our determination that Mr. Yeagle is an employee of petitioner and that the payments to him from petitioner are wages subject to Federal employment taxes, Section 530 allows petitioner relief from employment tax liability if two conditions are

satisfied.  Section 530(a)(1) provides in relevant part:

> (1) In general.--If
>
>> (A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period * * *, and
>>
>> (B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee,
>
> then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

Here, the first of the two conditions is satisfied. Petitioner did not treat Mr. Yeagle as an employee during the period in issue.  Since its incorporation, petitioner filed its tax returns reflecting all withdrawals by Mr. Yeagle as distributions of petitioner's net income, not wages.

However, the second condition of Section 530(a)(1) is not satisfied because petitioner had no reasonable basis for not treating Mr. Yeagle as an employee.  For purposes of Section 530(a)(1), a taxpayer is treated as having a reasonable basis for not treating an individual as an employee if the taxpayer's treatment of the individual was in reasonable reliance of judicial precedent, published rulings, technical advice with respect to the taxpayer, a letter ruling to the taxpayer, or longstanding

recognized practice of a significant segment of the industry in which the individual was engaged.  Section 530(a)(2); see also Veterinary Surgical Consultants, P.C. v. Commissioner, supra at___ (slip op. at 10-11); Rev. Proc. 85-18, 1985-1 C.B. 518.

Petitioner cites to the identical cases and ruling addressed in  Veterinary Surgical Consultants, P.C. v. Commissioner, supra, and makes the same arguments as those made by the taxpayer in that case.  For the reasons set forth in that opinion, we find that petitioner did not have a reasonable basis for not treating Mr. Yeagle as an employee.

In this case, respondent's position is supported by the plain language of the statute, the applicable Treasury regulations, published revenue rulings, and cases interpreting the applicable statutes.  Petitioner's position is inconsistent with the weight of authority.

We have considered all of petitioner's arguments, and, to the extent not specifically addressed, we find them unpersuasive or irrelevant.

_____

After the petition was filed in this case, Congress amended section 7436(a) to provide this Court with jurisdiction to determine the correct amounts of Federal employment taxes that relate to the Secretary's determination concerning worker classification.  See Community Renewal Tax Relief Act of 2000

(CRTRA), Pub. L. 106-554, sec. 314(f), 114 Stat. 2763A-643.  That amendment was made retroactive to the effective date of section 7436(a).  CRTRA sec. 314(g), 114 Stat. 2763A-643.

The parties filed a Stipulation of Settled Issues setting forth the proper amount of Federal employment taxes owed by petitioner in the event we find that Mr. Yeagle is petitioner's employee for purposes of Federal employment taxes (which we do). The amount so stipulated will be reflected in our decision document.

To reflect the foregoing,

Decision will be entered for respondent and in accordance with the parties' stipulations as to amounts.